# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

EDDIE STAPLETON AND
SHIELA BURKS STAPLETON,                          CASE NO. 08-02995-NPO

DEBTORS.                                         CHAPTER 7

## ORDER RESOLVING ORDER TO SHOW CAUSE
## AND DISMISSING CASE

This matter came before the Court on the Order to Show Cause (Dk. No. 15) (the "Show Cause Order") issued to Eddie Stapleton and Shiela Burks Stapleton (the "Debtors") in the above-styled bankruptcy case. The Court, having considered the matter, finds as follows:

1.  On October 6, 2008, the Debtors filed a joint voluntary petition pursuant to chapter 7 of the Bankruptcy Code (the "Petition") (Dk. No. 1).

2.  On October 7, 2008, the Clerk of the Bankruptcy Court issued a Deficiency Notice (Dk. No. 4) to the Debtors for their failure to file a Certificate of Credit Counseling (the "Certificate").

3.  On October 28, 2008, the Court issued the Show Cause Order to the Debtors to show cause why the above-styled bankruptcy case should not be dismissed for their failure to obtain prepetition credit counseling as required by 11 U.S.C. § 109(h)(1) ("Section 109(h)(1)").

4.  Section 109(h)(1) provides that an individual may not be a debtor unless such individual has, during the 180-day period preceding the date of the filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency an individual

or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. However, under certain circumstances, a debtor may be excepted from the requirement of Section 109(h)(1). For instance, Section 109(h)(2) provides that the prepetition credit counseling requirement of Section 109(h)(1) does not apply to a debtor who resides in a district for which the United States trustee determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of Section 109(h)(1). Additionally, Section 109(h)(3) provides that the prepetition credit counseling requirement of Section 109(h)(1) does not apply to a debtor who obtains a 30-day exemption in accordance with Section 109(h)(3) by submitting to the Court a certification which describes exigent circumstances that merit a waiver of the credit counseling requirement, states that the debtor requested credit counseling services prepetition, but was unable to receive same within five (5) days of making the request, and is satisfactory to the Court. Finally, Section 109(h)(4) provides that 109(h)(1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete the requirement because of incapacity, disability, or active military duty in a military combat zone.

5.  On October 30, 2008, the Debtors filed their Certificate, which establishes that the Debtors received credit counseling on October 30, 2008, at 9:00 a.m., following the filing of the Petition.

6.  The Debtors' counsel appeared at the Hearing. The Court observed at the Hearing that the Certificate reflected that the Debtors had failed to obtain prepetition credit counseling as required by Section 109(h)(1). The Debtors' counsel was unable to demonstrate that any exception

to Section 109(h)(1) contained in Sections 109(h)(2), (3), or (4) applied to excuse their failure to obtain the required credit counseling.

7.  Having considered the foregoing, the Court finds that the Debtors have failed to show cause why the above-styled bankruptcy case should not be dismissed for their failure to obtain prepetition credit counseling as required by Section 109(h)(1).

IT IS, THEREFORE, ORDERED that the above-styled bankruptcy case should be and hereby is dismissed.

SO ORDERED,